1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD N. FERRERIA,                      No.  2:21–cv–264–TLN–KJN PS

12                  Plaintiff,                 ORDER

13          v.

14   UNITED STATES POSTAL SERVICE,

15                  Defendant.

16

17          On February 16, 2021, defendant filed a motion to dismiss.[1]  (ECF No. 5.)  Defendants

18   noticed its motion for a hearing to take place on March 18, 2021.  (Id.)  Pursuant to this Court's

19   Local Rules, Plaintiff was obligated to file and serve a written opposition or statement of non-

20   opposition to the pending motion at least fourteen (14) days prior to the hearing date: or March 4,

21   2021.  See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in

22   writing and shall be filed and served not less than fourteen (14) days preceding the [] hearing

23   date.").

24          The Court's docket reveals that plaintiff, who is proceeding without counsel, failed to file

25   a written opposition or statement of non-opposition.

26

27   ───────────────────────
     [1]  This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal.
     Local Rule 302(c)(21).
28

                                              1

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[2] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

///

---

[2]   The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

1    Plaintiff's failure to file opposition to defendant's motion is in violation of Local Rules

2  110, 183(a), and 230(c), as recited above.  Further, plaintiff's failure to file opposition indicates to

3  the court that plaintiff may be consenting to the dismissal of his case.  See Local Rule 230(c) ("A

4  failure to file a timely opposition may also be construed by the Court as a non-opposition to the

5  motion.").  Thus, plaintiff's claims are subject to dismissal.  However, given plaintiffs' pro se

6  status, the court will not recommend dismissal at this time.  Instead, the court will provide one

7  final opportunity for plaintiff to either respond to defendant's motion to dismiss, or to file a

8  statement of non-opposition thereto.  Further failure to do so will be construed as non-opposition

9  to the motion, and will constitute additional grounds for dismissal under Rule 41(b).

10    Finally, under Local Rule 230(c), "[n]o party will be entitled to be heard in opposition to a

11  motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ."

12  Thus, the hearing on defendant's motion to dismiss will be vacated, and after the expiration of the

13  deadlines below, the court will decide the matter on the record and written briefing only.

14    Accordingly, IT IS HEREBY ORDERED that:

15    1.    The March 18, 2020 hearing on defendant's motion (ECF No. 5) is VACATED;

16    2.    Plaintiff shall file a written opposition to the motion for judgment on the

17        pleadings, or a statement of non-opposition thereto, on or before March 25, 2021.

18        Plaintiff's failure to file a written opposition will be deemed a statement of non-

19        opposition to the pending motion and consent to the granting of the motion, and

20        shall constitute an additional ground for the imposition of appropriate sanctions,

21        including a recommendation that Plaintiff's entire case be involuntarily dismissed

22        with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and

23    3.    Defendant may file a written reply to plaintiff's opposition on or before April 1,

24        2021.  The court will take this matter under submission after this date.

25  Dated:  March 8, 2021

26

27                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
28  ferr.264

3