UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD N. FERRERIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | No.  2:21–cv–264–TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS; ANCILLARY ORDER<br><br>(ECF No. 5.) |

　　　　Plaintiff Ronald N. Ferreria, proceeding without counsel, filed an action against defendant United States Postal Service ("USPS") in California Small Claims Court, asserting the mail carrier was negligent in delivering a package to him.  (ECF No. 1.)  USPS removed to this court, asserting any civil actions for negligence against the government should be disposed of in federal court, as per the Federal Tort Claims Act ("FTCA").[1]  (ECF No. 5.)  USPS now moves to dismiss plaintiff's claims, arguing Congress has not waived sovereign immunity concerning negligently-handled mail.  (Id.)  Plaintiff failed to file opposition, so the court vacated the hearing on the matter and provided plaintiff with an additional opportunity to respond.  (ECF No. 7.)  Plaintiff did not respond.

　　　　The court recommends USPS's motion be GRANTED, and this case be CLOSED.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(21) for the entry of findings and recommendations.  See Local Rule 304.

1

**Legal Standard – Motions to Dismiss under Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and internal quotes omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). However, there are other issues that can affect a court's subject matter jurisdiction, including, as here, matters of sovereign immunity for claims arising under the FTCA. See Anderson v. U.S. Postal Serv., 761 F.2d 527 (9th Cir. 1985) (dismissing claim for negligent loss of a package based on lack of subject matter jurisdiction).

When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court takes the allegations in the complaint as true. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden to demonstrate subject matter jurisdiction is on the party asserting the claim. See Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020).

**Analysis**

The United States and its federal agencies are immune from suit absent a waiver providing for their consent to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). "The terms of consent to be sued may not be inferred, but must be unequivocally expressed." United States v. White Mt. Apache Tribe, 537 U.S. 465, 472 (2003) (citation omitted). A waiver of sovereign immunity is strictly construed in favor of the government, and the plaintiff bears the burden to show that the United States has waived its immunity as to the specific claim asserted. See Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986).

1    Broadly speaking, the United States has waived its sovereign immunity in civil actions
2 under the FTCA "for injury or loss of property, or personal injury or death caused by the
3 negligent or wrongful act or omission of any employee of the Government while acting within the
4 scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1).  Federal courts have exclusive
5 jurisdiction over civil actions seeking monetary damages for torts committed by government
6 employees acting in the scope of their employment.  Id.; U.S. v. Park Place Assocs., Ltd., 563
7 F.3d 907, 924 (9th Cir. 2009).
8    Relevant here, the Postal Reorganization Act (PRA) provides that the USPS is an
9 independent executive agency of the United States and enjoys sovereign immunity absent a
10 waiver.  See 39 U.S.C. § 201; MB Fin. Grp., Inc. v. U.S. Postal Serv., 545 F.3d 814, 816 (9th Cir.
11 2008).  The PRA waives the Postal Service's sovereign immunity to some extent by granting the
12 Postal Service the power "to sue and be sued in its official name," and it provides that the Federal
13 Tort Claims Act (FTCA) "shall apply to tort claims arising out of activities of the Postal
14 Service[.]"  Dolan v. United States Postal Serv., 546 U.S. 481, 484 (2006) (citations omitted).
15 The FTCA provides the exclusive remedy for tort actions against the Postal Service.  See 28
16 U.S.C. § 2679(a); Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998).
17    However, under the FTCA, Congress has explicitly provided an exception for its waiver
18 of sovereign immunity against USPS concerning "[a]ny claim arising out of the loss, miscarriage,
19 or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  This includes
20 "negligen[tly] causing mail to be lost or to arrive late, in damaged condition, or at the wrong
21 address."  Dolan, 546 U.S. at 486 (finding that Section 2680(b) applies categorically to "injuries
22 arising, directly or consequentially, because mail either fails to arrive at all or arrives late")).  In
23 Dolan, the Court further explained that the exception extends to "to situations involving personal
24 or financial harms arising from non-delivery or late delivery of sensitive materials or information
25 (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel
26 (e.g., shattering of shipped china)."  Id.
27    Here, plaintiff asserts that "[o]n Nov. 17, 2020, the mail man supposed [sic] to deliver my
28 package and left it in the door," but that he "lost my important documents."  (See ECF No. 1 at 5-

6.) Plaintiff's claim for lost or mishandled mail falls squarely within the FTCA postal-matter exception. 28 U.S.C. § 2680(b); Dolan, 546 U.S. at 489; see also, e.g., Beasor v. U.S.P.S., 2018 WL 1845471, *3 (E.D. Cal. Apr. 18, 2018) ("Plaintiff's claim arises out of the negligent transmission of postal matter and clearly falls within the postal matter exception to the FTCA."). Because the federal government has not explicitly waived its sovereign immunity for this type of claim, this case should be dismissed for lack of subject matter jurisdiction. Anderson, 761 F.2d 527. Further, plaintiff's failure to file opposition to USPS's motion is construed as non-opposition to dismissal. See Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

## ORDER AND RECOMMENDATIONS

In light of the above, the court now VACATES the July 15, 2021 status conference. (See ECF No. 2.) Further, it is HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 5) be GRANTED;
2. Plaintiff's complaint (ECF No. 1) be DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case. 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 30, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ferr.264